UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER NORTH,

        Petitioner,         Case Number: 2:18-CV-11581
                                          HON. GERSHWIN A. DRAIN

v.

NOAH NAGY,

        Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO AMEND [#11] AND MOTION TO HOLD PROCEEDINGS IN ABEYANCE [#13] AND DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR EXTENSION OF TIME [#10] AND MOTION FOR EVIDENTIARY HEARING [#12]**

**I.    Introduction**

Michigan state prisoner Christopher North filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, asserting he is being held in violation of his constitutional rights. Petitioner was convicted in the Wayne County Circuit Court of second-degree murder, MICH. COMP. LAWS § 750.317. Now before the Court are Petitioner's Motion for Leave to Amend (Dkt. 11) and Motion To Hold Proceedings in Abeyance (Dkt. 13). The Court will GRANT both Motions.

**II.    Procedural History**

Petitioner was convicted by a jury in Wayne County Circuit Court. On April 16, 2013, he was sentenced to 60 to 100 years' imprisonment. Petitioner filed an appeal of right with the Michigan Court of Appeals. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. North,* No. 316061, 2014 WL 4214943 (Mich. Ct. App. Aug. 26, 2014) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. *People v. North*, 497 Mich. 983 (Mich. March 31, 2015).

Petitioner filed a motion for relief from judgment in the Wayne County Circuit Court, which the trial court denied. *See* 12/19/16 Wayne County Cir. Ct. Order. The Michigan Court of Appeals and Michigan Supreme Court denied Petitioner leave to appeal. *People v. North*, No. 338693 (Mich. Ct. App. July 28, 2017); *People v. North*, 501 Mich. 1060 (Mich. May 1, 2018).

Petitioner then filed the pending Habeas Corpus Petition. He raises five claims for relief: (i) insufficient evidence supported the conviction; (ii) sentence violates the Eighth and Fourteenth Amendments; (iii) court improperly instructed jury on causation and counsel was ineffective in failing to request specific instruction; (iv) denied counsel at critical stage of proceeding; and (v) prosecutorial misconduct.

## III. Discussion

### A. Motion to Amend

Petitioner seeks leave to amend his Petition. First, he asks the Court to amend the case caption to reflect his current custodian, Shane Jackson. The proper respondent for a habeas petition filed pursuant to 28 U.S.C. § 2254 is the state officer having custody of the petitioner. *See* Rule 2, Rules Governing Section 2254 Cases. The warden of Petitioner's current place of incarceration is Shane Jackson. The Court, therefore, will require the case caption to be amended.

Second, Petitioner seeks to amend the Petition to raise a claim based upon the Supreme Court's recent decision in *McCoy v. Louisiana*, — U.S. —, 138 S. Ct. 1500 (2018). Federal Rule of Civil Procedure Rule 15(a)(1) allows a party to amend a petition once as a matter of course within "21 days after service ... or 21 days after service of a responsive pleading ... whichever is earlier." Fed. R. Civ. P. 15(a)(1). In this case, the Petition was served on June 25, 2018. Petitioner did not file his Motion within 21 days of service and therefore may not amend as a matter of course. If a party may not amend a petition as a matter of course, a party may do so by leave of court pursuant to Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The decision to grant or deny a motion to amend a habeas petition is within

the discretion of the district court. *Clemmons v. Delo*, 177 F.3d 680, 686 (8th Cir. 1999); Fed. R. Civ. P. 15. Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F.3d 320, 341-342 (6th Cir. 1998). Here, Petitioner's request to amend his Petition does not appear to be made in bad faith or to be an attempt to delay the proceedings. Further, the Court foresees no prejudice to Respondent in allowing the amendment. The Court will therefore GRANT the Motion.

### B. Motion to Hold Proceedings in Abeyance

Petitioner seeks a stay in this matter while he raises in state court additional claims based upon the *McCoy* decision.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A prisoner who has not yet exhausted his or her state court remedies may file a "'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), *citing Rhines v. Weber*, 544 U.S. 269 (2005). A federal court may stay a federal habeas petition and hold further

4

proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

Here, the Court finds that a stay is warranted. First, dismissal of this case while Petitioner pursues state remedies could result in a subsequent petition being barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d). Second, Petitioner has good cause for failing to exhaust his claims because *McCoy* was decided only four days before he filed the pending Petition. Third, the state court's disposition of these claims may moot claims raised in this Petition. Fourth, there is no evidence of intentional delay. Under these circumstances, the Court concludes it is not an abuse of discretion to stay this case while Petitioner pursues state remedies for his unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* To ensure that Petitioner does not delay in exhausting his state court remedies, the Court will impose upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). The stay is conditioned on Petitioner presenting the unexhausted claims to the state courts within sixty days of the filing date of this

Order.  *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing procedure for staying habeas proceeding pending exhaustion of state court remedies).  The stay is further conditioned on Petitioner's return to this Court, by the filing of a motion to reopen and amend the Petition, using the same case number included at the top of this Order, within sixty days of fully exhausting his state court remedies.  *See Palmer*, 276 F.3d at 781 (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)).  Should Petitioner fail to comply with any of these conditions, the Petition may be dismissed.  *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014) (holding that dismissal of a habeas petition is appropriate where a petitioner has failed to comply with the terms of a stay).

## IV.  Conclusion

Accordingly, the Court GRANTS Petitioner's Motion to Amend (Dkt. 11), and GRANTS Petitioner's Motion to Hold Proceedings in Abeyance (Dkt. 13). The Court ORDERS the case caption amended to read: Christopher North v. Shane Jackson.

The Clerk of Court shall close this case for statistical purposes.  Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case.

The Court DENIES WITHOUT PREJUDICE Petitioner's Motion for

Extension of Time (Dkt. 10) and Motion for Evidentiary Hearing (Dkt. 12). Petitioner may ask to reinstate these Motions if and when he moves to reopen these proceedings.

    SO ORDERED.

Dated:    March 7, 2019

                                      s/Gershwin A. Drain
                                      HON. GERSHWIN A. DRAIN
                                      United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 7, 2019, by electronic and/or ordinary mail.

                                      s/Teresa McGovern
                                      Case Manager